UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Sheilah A. Greene**,
   **Plaintiff**,

v.                                CIVIL NO. 3:04-MC-00312 (TPS)

**Connecticut et. al.**,
   **Defendant.**

## MAGISTRATE JUDGE'S OPINION

Now pending before the court in the above captioned action is the plaintiff's motion for appointment of counsel. The statutory authority for judicial appointment of counsel for an indigent party in civil cases is found in 28 U.S.C. § 1915(e)(1).

The Second Circuit has repeatedly cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1988). The district court may refuse a motion for appointment of counsel if it finds that the indigent's chances for success are "extremely slim." Id. (citing Miller v. Pleasure, 296 F.2d. 283 (2d Cir., 1961), cert. denied, 370 U.S. 405, 416 (1962).

The standards used to evaluate motions for the appointment of counsel contemplate the availability of the complaint and

supporting documentation so that the court may assess the frivolousness of the case. Here, no complaint has been filed because the plaintiff has not paid the required filing fee. The plaintiff has submitted three motions to proceed *in forma pauperis* which the court has denied. If the plaintiff pays the required filing fee, and thereby files her complaint, she is free to file a second motion to appoint counsel.

As such, plaintiff's motion for appointment of counsel is DENIED WITHOUT PREJUDICE. IT IS SO ORDERED.

Dated at Hartford, Connecticut this 22nd day of September, 2005.

**Thomas P. Smith**
**United States Magistrate Judge**